In re: AIR CRASH AT BELLE
HARBOR, NEW YORK ON
NOVEMBER 12, 2001

This Document Relates to: ALL CASES

No. 02 Civ. 0439(RWS),
No. 02 MDL 1448(RWS).

United States District Court,
S.D. New York.

March 1, 2007.

Michael Patrick Verna, Lead Attorney,
Bowles & Verna, LLP, Walnut Creek, CA,
Robert A. Clifford, Clifford Law Offices,
P.C., Chicago, IL, for In re Air Crash New
Athens, Greece on August 14, 2005.

Michael Patrick Verna, Lead Attorney,
Bowles & Verna, LLP, Walnut Creek, CA,
for Michael P. Verna Leonides Moussas,
Plaintiff.

Charis Clerides, Plaintiff, Pro se.

William Thomas Cahill, Lead Attorney, Bates McIntyre Larson, Jonathan R. Buck, Perkins Coie LLC, Chicago, IL, for The Boeing Company, Defendant.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendant Airbus Industrie G.I.E. ("Airbus") has moved under Rules 37 and 45 of the Federal Rules of Civil Procedure to compel Jeffrey W. Golan ("Golan"), an attorney licensed in Pennsylvania, to produce documents, which were supplied by him to the Plaintiffs' Executive Committee ("PEC"). Golan has asserted attorney-client and work-product privileges. For the reasons set forth below, the motion is granted, and the documents will be produced.

On October 13, 2005, Airbus issued Requests for Production to the PEC asking for documents obtained from current and former Airbus employees. On March 9, 2006, the PEC produced a privilege log that listed three documents authored by a "J. Golan" and subsequently identified "J. Golan" as Jeffrey W. Golan of Philadelphia, Pennsylvania.

On November 3, 2006, Airbus subpoenaed Golan to appear for a deposition in Philadelphia, Pennsylvania, on December 4, 2006, and produce documents on or before December 1, 2006 in response to thirteen document requests attached to the Airbus Subpoena to Golan (the "Subpoena").

On November 21, 2006, Golan served his objections to the Subpoena but did not include a privilege log. On November 30, 2006, Golan served Amended Objections ("Objections") consisting of (1) "General Objections" to the subpoena and all the document requests as well as a "Basis for General Objections"; (2) general statements in response to Airbus's individual document requests; and (3) a general description of categories of documents being withheld.

The Airbus motion to compel was served on January 30, 2007. Golan requested additional time to respond and his time to respond was extended to February 16, 2007.

The motion was marked fully submitted on February 21, 2006.

Depositions in the action are presently ongoing.

"To invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir.1996). "The burden of establishing the existence of an attorney-client relationship rests on the claimant of the privilege." *United States v. Stern*, 511 F.2d 1364, 1367 (2d Cir.1975). "[I]ndependent facts beyond the attorney's statements must be shown in order to demonstrate the existence of an underlying attorney-client relationship upon which a claim of privilege could be based." *Priest v. Hennessy*, 51 N.Y.2d 62, 70, 431 N.Y.S.2d 511, 409 N.E.2d 983 (N.Y.1980).

According to Golan, several months after November 12, 2001, the date of the crash giving rise to this multi-district litigation, he was consulted by "a reporter at a well-established German publication" (Golan Decl. ¶ 7) seeking legal advice. The reporter has not been identified, no retainer is alleged and no submission has been made by the reporter. Golan has also alleged that he served the PEC as a consultant. No agreements have been submitted, the arrangement has not been confirmed by the PEC, and Golan has not identified any services performed as a consultant. An attorney-client relationship has not been adequately established on this record.

Even if Golan had established an attorney-client privilege, there would be no privilege as to any documents that were not kept confidential. The Golan memoranda were turned over to the PEC, which in turn submitted them to the Federal Bureau of Investigation. This transmittal to the PEC "with the client's authorization" (Golan Opp. at 9) waived the asserted privileges. A contrary holding would permit Golan and his client to selectively invoke the privileges and use them "as both 'a sword' and 'a shield.' "

*In re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 282 (S.D.N.Y.1995). Because Golan did not enter the consulting relationship with the PEC for the purpose of helping to provide his client with confidential legal advice, any confidential information Golan shared with the PEC waives any privileges with respect to that information.

According to the March 2003 discovery ruling, the work-product privilege was held to be inapplicable to documents in the possession of Airbus that had originated with AAL in order to serve the interests of justice and avoid surprise. Under the March 2003 decision, the Golan Memoranda, which are admitted to contain Airbus documents and/or information, are not protected.

■ Even if attorney-client and work-product privileges had been established, the privileges would have been waived due to Golan's failure to submit a privilege log in accordance with the requirements of Local Rule 26.2. Golan has asserted that "providing a more detailed 'privilege log' for documents in his possession ... would run a serious risk of divulging information that would cause disclosure of privileged information." Golan has not explained how indicating the names of the author and recipients, the number of pages, the number of copyees, or a document's date would result in the disclosure of privileged information.

Golan additionally has maintained that all documents in his possession are protected by the reporters' shield laws of Germany and New York. Golan has not engaged in any choice of law analysis that would lead to the application of anything other than New York law. As the foreign law's proponent, it is Golan's burden to show that New York's choice of law rules would lead to application of Germany's reporter's privilege. *See In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 76 (S.D.N.Y.2006) ("As the proponent of the privilege, the plaintiffs maintain the burden of establishing the applicability of foreign privilege laws."). Furthermore, it has not been established that Golan's alleged client is German, acquired any of the information about Airbus in Germany, or works in Germany. Under these circumstances, there is no basis for the application of German law.

 The shield law in New York states that the privilege is waived with respect to information voluntarily disclosed to "any person not otherwise entitled to claim the exemptions provided by this section." N.Y. Civ. Rights Law § 79–h(g) (McKinney 2007). Insofar as Golan is not a person "entitled to claim the exemptions" of the Shield Law, the transfer of information by the alleged client to Golan waived the privilege, as does the transfer of information by Golan to the PEC and the PEC's subsequent transfer to the FBI.

The motion to compel is granted. Submit order on notice.

It is so ordered.